## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TEXTRON FINANCIAL-NEW JERSEY, INC. | Hon. Mary L. Cooper, U.S.D.J. |
| Plaintiff, | |
| v. | Civil Action No.<br>    3:06-cv-02585-MLC-TJB |
| HERRING LAND GROUP, LLC. | |
| Defendant. | |

## GF PRINCETON LLC'S BRIEF IN SUPPORT OF MOTION TO SUBSTITUTE AND/OR INTERVENE

**GREENBAUM, ROWE, SMITH & DAVIS LLP**
75 Livingston Avenue, Suite 301
Roseland, NJ 07068
973/535-1600
Attorneys for GF Princeton, L.L.C.

On the Brief:
    Alan S. Pralgever, Esq.
    Gary L. Koenigsberg, Esq.

1039655.02

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ................................................................................................ i

STATEMENT OF FACTS ............................................................................................ 1

LEGAL ARGUMENT ................................................................................................... 2

    POINT I ..................................................................................................................... 2

    GF PRINCETON SHOULD BE SUBSTITUTED AS PLAINTFF
    PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE NOS. 17
    AND 25 ...................................................................................................................... 2

        A.    The Entire Controversy Doctrine Is Also Applicable Here ........................ 4

    POINT II .................................................................................................................... 5

    IN THE ALTERNATIVE, DESPITE GF PRINCETON'S VIEW THAT
    SUBSTITUTION IS APPROPRIATE AND NECESSARY, AND IN
    VIEW OF THE COURT'S DIRECTION TO BRIEF THIS ISSUE, GF
    PRINCETON SHOULD BE GRANTED LEAVE TO INTERVENE. ............................ 5

CONCLUSION ............................................................................................................. 7

# TABLE OF AUTHORITIES

**Page**

## Cases

Arab African Intern. Bank v. Epstein,
  10 F.3d 168 (3rd Cir. 1993) ......................................................................................... 4

Averbach v. Rival Manufacturing Co.,
  879 F.2d 1196 (3rd Cir.), cert denied, 493 U.S. 1023 (1989) ...................................... 4

Burka v. Aetna Life Ins. Co.,
  87 F.3d 478 (D.C. Cir. 1996) ...................................................................................... 3

Fioriglio v. City of Atlantic City,
  963 F. Supp. 415 (D. N.J. 1997) ................................................................................. 4

Foman v. Davis,
  371 U.S. 178 S.Ct. 227 9 L.Ed.2d 222 (1962) ............................................................ 3

Fornarotto v. American Waterworks Co., Inc.,
  144 F.3d. 276 (3rd. Cir. 1998) .................................................................................... 4

Freeport-McMoran, Inc. v. K.N. Energy, Inc.,
  498 U.S. 426 (1991) .................................................................................................... 3

Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.,
  13 F.3d 69 (3rd. Cir. 1993) ......................................................................................... 2

Mountain Top Condo Association v. Dave Stabbert Master Builder, Inc.,
  72 F.3d 361 (3rd Cir. 1995) ........................................................................................ 6

Pittson v. Sedgwick James of New York, Inc.,
  971 F.Supp. 915 (D.N.J. 1997) ................................................................................... 4

State Farm Indemnity v. Fornaro,
  227 F.Supp 2d 229 (D.N.J. 2002) ............................................................................... 4

Todaro v. Township of Union,
  27 F.Supp 2d 517 (D.N.J. 1998) ................................................................................. 4

US ex rel Frank M. Sheeley Co. v. St. Paul Fire and Marine Ins. Co.,
  239 F.R.D. 404 (W.D.Pa. 2006) ................................................................................. 6

Venuto v. Witco Corp.,
  117 F.3d 754 (3rd Cir. 1997) ...................................................................................... 4

**Rules**

Fed.R.Civ.P. 56(c) ...................................................................................................................... 2

Federal Rule of Civil Procedure 17(a) ........................................................................................ 2

Federal Rule of Civil Procedure 24(a)(2) .................................................................................... 5

Federal Rule of Civil Procedure 25 (c) ................................................................................... 2, 3

1039655.02

## STATEMENT OF FACTS

This case involves a dispute over the rent to be charged with respect to a ground lease wherein Defendant Herring Land Group, LLC is the owner of the land. At the time of the filing of the Textron-Financial New Jersey, Inc. was the lessor of the land where commercial improvements are located.

On or about December 21, 2007, GF Princeton, LLC bought the improvements and assumed the Ground Lease from Plaintiff Textron Financial. As of December 21, 2007, GF Princeton became the real Plaintiff in interest in this matter and should be substituted as Plaintiff. (A copy of the December 21, 2007 Improvements Deed and Assignment are annexed as **Exhibit A** to the Freeman Certification**).**

Therefore, GF Princeton, LLC is a party with a real interest in the subject matter of the dispute as of December 21, 2007 and additionally GF Princeton's interest may be affected or impaired by the disposition of the action. The December 21, 2007 purchase and sale agreement also requires GF Princeton to fully fund this litigation and assume responsibility for (or take of the benefit of) any judgments or awards. (A copy of the December 21, 2007 Purchase and Sale Agreement is annexed as **Exhibit B** to the Freeman Certification). The Plaintiff does not adequately represent GF Princeton's interests because they have no interest in the determination of the amount of rents due subsequent to December 21, 2007 and GF Princeton is responsible to manage, fund and obtain the awards or responsibility for any judgment in this matter.

## LEGAL ARGUMENT

### POINT I

### GF PRINCETON SHOULD BE SUBSTITUTED AS PLAINTFF PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE NOS. 17 AND 25

GF Princeton is the true party because as of December 17, 2007, it was assigned the Ground Lease and purchased the Building. The December 21, 2007 purchase and sale agreement also requires GF Princeton to fully fund this litigation and assume responsibility for (or take of the benefit of) any judgments or awards.

Federal Rule of Civil Procedure 17(a) states in pertinent part:

**Real Party in Interest.** Every action shall be prosecuted in the name of the real party in Interest.

Federal Rule of Civil Procedure 25 (c) states in pertinent part:

In case of any transfer of interest, the action may be continued by or against the original Party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party....

While the Third Circuit does give the trial Court discretion with respect to substitution of a party made pursuant to FRCP 25(c), the Third Circuit has cautioned that the discretion must be applied in a manner consistent with due process of law so as not to unfairly deny a litigant of its property interest. Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc., 13 F.3d 69 (3rd. Cir. 1993) In this case, from December 21, 2007 forward, GF Princeton will be bound by the rent determinations of the Court. As stated by the Third Circuit in Luxliner:

> Instead at least in a context such as this in which a decision on a Rule 25 (c) motion effectively imposes liability, the court must first determine whether the affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to (joinder or substitution) as a matter of law. *Cf.* Fed.R.Civ.P. 56(c). If they do, the court should grant the motion; if they do not, however, the court should conduct an evidentiary hearing to decide whether the motion should be granted. Id. at 73.

2

As stated by the U.S. Supreme Court in <u>Freeport-McMoran, Inc. v. K.N. Energy, Inc.</u>, 498 U.S. 426 (1991), when addressing diversity pursuant to a substitution made pursuant to Federal Rule of Civil Procedure 25(c):

> "The opinions of the District Court and the Court of Appeals establish that the plaintiffs and defendant were diverse at the time the breach of contract action arose and at the time that federal proceedings commenced. The opinions also confirm that FMPO was not an "indispensable party at the time the Complaint was filed; in fact, it had no interest whatsoever in the outcome of the litigation until sometime after suit was commenced. Our cases require no more than this. Diversity jurisdiction, once established is not defeated by the addition of a nondiverse party to the action. A contrary rule could have the effect of deterring normal business transactions during the pendency of what might be lengthy litigation. Such a rule is not in any way required to accomplish the purposes of diversity jurisdiction."

The substitution of a "real party in interest" pursuant to Federal Rule of Civil Procedure 25 (c) does not destroy diversity jurisdiction. <u>See</u>, <u>Burka v. Aetna Life Ins. Co.</u>, 87 F.3d 478, 481 (D.C. Cir. 1996); <u>Freeport-McMoran, Inc.</u>, <u>Id</u>. It is critical to note that even after the 1993 statutory amendments on intervention cited by Defendant, in 1996 the <u>Burka</u> court still held that FRCP 25(c) substitution was an exception. Nor is there anything to suggest that the filing of an amended Complaint by a substituting party will destroy diversity. GF Princeton is the true party in interest at the present.

Leave to amend should be freely given in the interests of justice pursuant to Federal Rule of Civil Procedure 15(a). Leave to amend may be denied only when (1) the party seeking amendment has been unduly delayed; (2) the party seeking amendment is acting in bad faith or with dilatory motive; (3) the amendment would cause undue prejudice to the opposing party; or (4) the amendment is futile. <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); <u>Averbach v. Rival Manufacturing Co.</u>, 879 F.2d 1196, 1203 (3rd Cir.), <u>cert denied</u>,

3

493 U.S. 1023 (1989). None of these factors are applicable here. Moreover, the Court has issued an Order indicating that amendment will not be considered until and unless GF Princeton is a party.

### A.   The Entire Controversy Doctrine Is Also Applicable Here

Further, New Jersey's "entire controversy doctrine", encourages all claims of the parties in a single forum. Fornarotto v. American Waterworks Co., Inc., 144 F.3d 276, 278 (3rd. Cir. 1998); Venuto v. Witco Corp., 117 F.3d 754, 761 (3rd Cir. 1997); State Farm Indemnity v. Fornaro, 227 F.Supp 2d 229, 241 (D.N.J. 2002); Todaro v. Township of Union, 27 F.Supp 2d 517, 531-532 (D.N.J. 1998). The "entire controversy doctrine" emobodies the principle that adjudication of a legal controversy should occur in one litigation in only one court. Arab African Intern. Bank v. Epstein, 10 F.3d 168, 171-172 (3rd Cir. 1993); Fioriglio v. City of Atlantic City, 963 F. Supp. 415, 420-421 (D. N.J. 1997).

The objective behind the entire controversy doctrine are threefold:  (1) to encourage the comprehensive and conclusive determination of a legal controversy;   (2) to achieve party fairness; and (3) to promote judicial economy and efficiency by avoiding fragmented, multiple and duplicative litigation. Fornarotto, 144 F.3d at 278 (citing Venuto, 117 F.3d at 761). New Jersey's entire controversy doctrine, encompasses the mandatory rule of joinder of all causes of action, claims and defenses related to the controversy between parties engaged in litigation. Fioriglio, 963 F.Supp. at 420-421. Thus, a party must join all parties with a material interest in the controversy, i.e., those who can effect or be effected by the judicial outcome of the controversy. Id. The entire controversy doctrine requires a party to bring in one action all affirmative claims that it may have against another party and to join in that action all parties with a material interest in the controversy. Pittson v. Sedgwick James of New York, Inc., 971 F.Supp. 915, 917-918 (D.N.J. 1997).

4

1039655.02

In this case, substitution should be granted due to the property transfer that makes GF Princeton the real party in interest. In light of the fact that GF Princeton is the current owner of the Building and has been assigned the Ground Lease, and further pursuant to the contract of sale obtains the rewards and risks of any judgment in this matter, GF Princeton is the true party interest and should be substituted in this matter.

## POINT II

**IN THE ALTERNATIVE, DESPITE GF PRINCETON'S VIEW THAT SUBSTITUTION IS APPROPRIATE AND NECESSARY, AND IN VIEW OF THE COURT'S DIRECTION TO BRIEF THIS ISSUE, GF PRINCETON SHOULD BE GRANTED LEAVE TO INTERVENE.**

Federal Rule of Civil Procedure 24 states in pertinent part as follows:

**INTERVENTION**
**(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
(1) is given an unconditional right to intervene by federal statute;
(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
**(b) Permissive Intervention.**
**(1) In General.** On timely motion, the court may permit anyone to intervene who:
(A) is given a conditional right to intervene by federal statute;
(B) has a claim or defense that shares with the main action a common question of law or fact.

It is well settled in the Third Circuit that a non-party is permitted to intervene under Federal Rule of Civil Procedure 24(a)(2) if: (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation. Mountain Top Condo Association v. Dave

5

Stabbert Master Builder, Inc., 72 F.3d 361, 365-366. (3rd Cir. 1995); US ex rel Frank M. Sheeley Co. v. St. Paul Fire and Marine Ins. Co., 239 F.R.D. 404 (W.D.Pa. 2006).

On or about December 21, 2007, GF Princeton, LLC bought the improvements and assumed the Ground Lease from Plaintiff Textron Financial. As of December 21, 2007, GF Princeton became the real Plaintiff in interest in this matter and should be substituted as Plaintiff. (A copy of the December 21, 2007 Improvements Deed and Assignment are annexed as **Exhibit A** to the Freeman Certification**).**

GF Princeton, LLC clearly is a real party in interest in the subject matter of the dispute as of December 21, 2007. Additionally GF Princeton's interest will undoubtedly be affected or impaired by the disposition of the action. All rents will be due based on appraisals or expert reports which this Court will have to rule on. Thus, submissions most of which have already been made, will undoubtedly affect GF Princeton's interests appreciably. As such, they have a right to preferably substitute into or intervene in this action. Textron does not, and cannot, adequately represent GF Princeton's interest because they have no interest in the determination of the amount of rents due subsequent to the assignment, or as to those rents prior to the assignment which may affect the rents to which GF Princeton is liable after December 21, 2007. The December 21, 2007 purchase and sale agreement also requires GF Princeton to fully fund this litigation and assume responsibility for (or take of the benefit of) any judgments or awards. As such GF Princeton is a real party in interest. Now all the proofs surrounding same are before this Court, which although not contested by Herring previously, are fully before this Court. However, we should reiterate that Herring has never disputed that GF Princeton was assigned the ground lease and purchased the improvements of the subject property.

CONCLUSION

For all of the foregoing reasons, GF Princeton's motion to substitute or in the alternative

to intervene should be granted.

Respectfully submitted,

**GREENBAUM, ROWE, SMITH & DAVIS LLP**
Attorneys for GF Princeton

By:   /s/ Alan S. Pralgever
        ALAN S. PRALGEVER, ESQ.

Dated:  September    , 2008

7

1039655.02